**IN THE UNITED STATES DISTRICT OF COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **William Rudolph,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO.:** |
| **v.** | ) |
| | ) |
| **RTF Project Services, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

COMES NOW Plaintiff, William Rudolph, and files his Complaint against Defendant RTF Project Services, LLC, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

### INTRODUCTION

Plaintiff William Rudolph is a 26-year-old African American male who began working for RTF Project Services, LLC ("RTF") in May 2025 as an Electrician Helper. Before Plaintiff began working for RTF, he was warned that the General Foreman, Dagan Homan, was racist against African Americans. Homan and his co-workers subjected the Plaintiff to harassment based on race, calling him "boy" and referring to his race as "your kind" or "those people." The Plaintiff was also treated differently than his Caucasian co-workers and assigned more difficult jobs. Homan repeatedly tried to have the Plaintiff fired for false or discriminatory reasons. The

1

Plaintiff was ultimately terminated due to his race on August 4, 2025.

JURISDICTION AND VENUE

1.      All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

2.      Federal jurisdiction exists as this action arises under 28 U.S.C. § 1343(a)(4), TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17 and SECTION 1 of the CIVIL RIGHTS ACT OF 1866, which provides for relief against discrimination and employment on the basis of sex and race (henceforth "Title VII").

3.      The jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1331 and 8 U.S.C. 1343(3).

4.      Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Southern District of Alabama.

PARTIES

5.      William Rudolph ("Rudolph" or "Plaintiff") is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama.

6.      Defendant, RTF Project Services, LLC (hereinafter "Defendant RTF" or "Defendant"), is a domestic Limited Liability Company, doing business by

2

registered agent in the State of Alabama, within the Southern District of Alabama.

## CONDITIONS PRECEDENT

7.　　Plaintiff has exhausted all administrative remedies, with Plaintiff, William Rudolph, filing a Charge of Discrimination with the Equal Employment Opportunity Commission on January 27, 2026, alleging discrimination by Defendant, a copy of which is attached hereto as Exhibit A, and its terms incorporated by reference, as if fully set out herein.

8.　　The Equal Employment Opportunity Commission issued Plaintiff William Rudolph a "Right-to-Sue" Letter, dated March 23, 2026, a copy of which is attached hereto as Exhibit B, and its terms incorporated by reference, as if fully set out herein.

9.　　Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

10.　　Plaintiff restates and realleges the allegations contained in paragraphs 1 through 9, as if fully set out herein.

11.　　Plaintiff William Rudolph is a 26-year-old African American male and was hired to work at RTF in or around May 2025 as an Electrician Helper. His direct supervisor when he hired on was Caucasian General Foreman, Dagan Homan.

3

12.     Plaintiff was one (1) of two (2) African Americans employed with RTF and the only African American employee working under Homan.

13.     Before he started working there, the Plaintiff was warned by another prior employee that Homan was racist and treated African American employees different from Caucasian employees.

14.     On or around June 27, 2025, Plaintiff suffered from a heat related illness that he believes was a heat stroke. He went to work at around 7:15 a.m. the following day, and Homan tried to fire him.

15.     Plaintiff had no work issues or complaints about his job performance prior to this incident.

16.     Plaintiff noticed that another employee, Austin (l.n.u.), Caucasian male, was able to come in to work and leave as he pleased, with no consequences.

17.     After Homan attempted to fire him, Plaintiff went to the job site's HR and reported the incident and made a phone call to his stepfather, Kenneth Lett Sr., who had worked with Homan before. Lett managed to speak with Homan about allowing Plaintiff to return to work. Fortunately, Plaintiff was allowed to return to work the next day.

18.     Following the incident, Plaintiff began experiencing discrimination and harassment by Homan.

19.    Between the incident on or around June 28, 2025, and his termination on August 5, 2025, Plaintiff was often referred to as "your kind", "these people", and "boy" by Red (l.n.u), Austin (l.n.u.), and Homan, facing discriminatory comments and being forced to perform harder manual labor, while his Caucasian counterparts were able to do lighter work every day.

20.    Homan would scrutinize the Plaintiff's work performance, making him feel as though he was constantly "walking on eggshells" around the job site. Homan did not treat the Plaintiff's Caucasian co-workers in the same way.

21.    Plaintiff was assigned to another job site for four (4) days to perform physically demanding labor. While at the work site, he was informed that Homan had contacted the job site's supervisor and described Plaintiff as a poor worker, encouraging them to terminate Plaintiff, if possible. After working for four (4) days, the supervisors and employees at the site informed Homan that Plaintiff had performed well and that the negative description they received did not match Plaintiff's work performance at all.

22.    Upon returning to his regular work site, Plaintiff noticed that newly-hired Caucasian employees were paired with co-workers, while he was left to work alone.

23.    On or around August 5, 2025, the Plaintiff was given permission by Homan to leave for lunch early and he returned early.  Homan summarily terminated

5

the  Plaintiff when he returned for being "late" and was told by Austin that "your kind doesn't stay here long anyways."

24. Plaintiff was discriminated against and retaliated against in violation of TITLE VII of the CIVIL RIGHTS ACT (1964) and Section 1 of the CIVIL RIGHTS ACT OF 1866.

## CAUSES OF ACTION

### Count I
### Race Discrimination Under
### Title VII of the Civil Rights Act of 1964

25. Plaintiff realleges and incorporates by reference, paragraphs 1 through 24, as if fully stated herein.

26. Defendant engaged in a discriminatory practice or discriminatory practices against Plaintiff based on his race, color and/or his complaints made with respect to the disparate treatment to which he was subject as a result of his race, with malice or reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

27. The actions of Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

## Count II
## Retaliation under
## Title VII of the Civil Rights Act of 1964

28.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 24, as if fully stated herein.

29.     Defendant retaliated against Plaintiff by singling him out, using derogatory terms, falsifying his work ethic to other supervisors, and finally terminating him in response to Plaintiff opposing employment practices that the Plaintiff reasonably believed to be unlawful, in violation of TITLE VII.

30.     Defendant subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of his employment for complaining of race-based discrimination. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

31.     As a proximate result of the Defendant's wrongful conduct, Plaintiff has been injured and damaged as follows: he has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## Count III
## Race Discrimination Under
## Section 1 of the Civil Rights Act of 1866

32.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 24, as if fully set out herein.

33.     The actions and inactions of Defendant constituted discrimination on

account of Plaintiff's race.

34.     Defendant purposefully and intentionally discriminated against Plaintiff on account of his race.

35.     The actions and inactions of Defendant constituted retaliation against Plaintiff due to his complaint of racial harassment.

36.     The actions and inactions of Defendant constituted discrimination against Plaintiff in the making and/or enforcing of a contract, as the same is defined in 42 U.S.C. § 1981, as amended.

37.     The actions and inactions of Defendant violated 42 U.S.C. § 1981, as amended.

38.     Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of 42 U.S.C. § 1981, as amended.

39.     Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981, as amended.

40.     As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, cost of medical care, compensation, and other benefits and conditions of employment.

## Count IV
## Retaliation Under
## Section 1 of the Civil Rights Act of 1866

41.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 24, as if fully set out herein.

42.     Defendant retaliated against Plaintiff for complaining to his supervisors about his co-workers' discriminatory actions by ultimately terminating his employment.

43.     Defendant subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of his employment for complaining of race-based harassment and discrimination. The retaliation was carried out willfully and with malicious and reckless disregard for the rights of Plaintiff.

44.     Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendants' violation of 42 U.S.C. § 1981, as amended.

45.     As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered extreme mental and emotional distress, pain and suffering and lost wages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Rudolph, prays that this Court:

a.     Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

9

b.     Enjoin Defendant from engaging in such conduct in the future;

c.     Award Plaintiff compensatory and punitive damages, in an amount to be determined by the Court;

d.     Award Plaintiff costs, interests and attorneys' fees; and

e.     Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 18th day of June 2026.

*/s/ Eric J. Artrip*
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Holmes St. NE, Suite 100
Huntsville, Alabama 35801
P: (256) 532-2222
F: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

**DEFENDANTS TO BE SERVED BY U.S. CERTIFIED MAIL TO THE FOLLOWING:**

RTF PROJECT SERVICES, LLC
c/o John T. Allen, III, Registered Agent
909 W Pushmataha St.
Butler, AL 36904